## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

MICHAEL D. SCALIA,

        Plaintiff,

v.

ROBINHOOD FINANCIAL, LLC,
ROBINHOOD SECURITIES, LLC,
and ROBINHOOD MARKETS, INC.

        Defendants.

_____/

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Michael D. Scalia (hereinafter "Plaintiff" or "Scalia"), sues Defendants, ROBINHOOD FINANCIAL, LLC, ROBINHOOD SECURITIES, LLC, and ROBINHOOD MARKETS, INC. (hereinafter "Defendants" or "Robinhood"), and alleges:

### NATURE OF THE ACTION

1.    Robinhood is a financial services company and registered broker-dealer, whose mission statement is to "provide everyone with access to financial markets, not just the wealthy"[1]

2.    Robinhood purposefully, willfully, and knowingly removed the ability to buy or view stocks for GameStop Corp. ("$GME"), Nokia Oyj ("$NOK"), and AMC Entertainment Holdings ("$AMC"), on its trading platform at the core of a historic stock rise, which subsequently deprived retail investors of the ability to invest in the certain stocks, restricted only at Robinhood's discretion, which further manipulated the stock price. Most notably, the restriction of buying or viewing GameStop Corp. Stock on Robinhood's trading platform caused an immediate stock price crash from $469.42 to $132.00 over the course of an hour.

---

[1] "Our Story", Robinhood, https://robinhood.com/us/en/support/articles/our-story/.

W<small>EIL</small> S<small>NYDER</small> & R<small>AVINDRAN</small>, P.A.

Citigroup Center, 201 South Biscayne Blvd., Suite 720, Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

## PARTIES

3.      Plaintiff Michael D. Scalia was and is a citizen of the state of Florida.

4.      Defendant Robinhood Financial LLC is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. It is a wholly-owned subsidiary of Robinhood Markets, Inc. Robinhood Financial, LLC is registered as a broker-dealer with the U.S. Securities & Exchange Commission ("SEC"). Defendant Robinhood Financial LLC acts as an introducing broker and has a clearing arrangement with its affiliate Defendant Robinhood Securities, LLC.

5.      Defendant Robinhood Securities, LLC is a Delaware corporation with its principal place of business at 500 Colonial Center Parkway, Suite 100, Lake Mary, Florida 32746. It is a wholly owned subsidiary of Defendant Robinhood Markets, Inc. Defendant Robinhood Securities, LLC is registered as a broker-dealer with the SEC. Defendant Robinhood Financial LLC acts as a clearing broker and clears trades introduced by its affiliate Defendant Robinhood Financial.

6.      Defendant Robinhood Markets, Inc. is a Delaware corporation with its principal place of business at 85 Willow Road, Menlo Park, California 94025. Defendant Robinhood Markets, Inc. is the corporate parent of Defendants Robinhood Financial LLC and Robinhood Securities, LLC.

7.      The above-named corporate defendants are herein referred to collectively as "Robinhood."

## JURISDICTION AND VENUE

8.      This Court  has subject matter jurisdiction over this action under the Class Action Fairness Act because there is minimal diversity and the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs.  28 U.S.C § 1332(d)(2)(A).  None of the

claims stated here have been assigned or otherwise given to any other court or tribunal.

9.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District where Robinhood, distributed, marketed, advertised, and sold the trading services which are the subject of the present Complaint. Finally, venue is appropriate in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the acts and omissions that gave rise to this Complaint occurred or emanated from this District.

10.     This Court has personal jurisdiction over Robinhood because it is authorized to do business and does conduct business in Florida, and because it has specifically marketed, advertised, and made substantial sales in Florida, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state through its promotion, sales, and marketing within this state to render the exercise of jurisdiction by this Court permissible. Additionally, Robinhood Securities LLC maintains its principal place of business in Florida.

## FACTUAL ALLEGATIONS

11.     Robinhood is an online brokerage firm. Their platform enables customers to place securities trades by using a web-based application on their phone or other technological device. Robinhood permits customers to purchase and sell securities, including but not limited to margins trading, and options trading.

12.     The firm markets itself primarily to smaller, tech-savvy retail investors and claims over 10 million users of its trading app. Upon good faith belief and available information, over half of Robinhood's client based owned share(s) of $GME, $NOK, or $AMC during the material time-period.

13.     On or around January 11, 2021, securities prices for $GME, $NOK, and $AMC began to grow.

14.     At that time, Robinhood allowed retail investors unrestricted trade access to $GME, $NOK, and $AMC, along with numerous other securities.

15.     On the morning of January 28, 2021 Robinhood, in order to slow the trade volume of $GME, $NOK, $AMC, and other similarly situated stocks, abruptly, purposefully, willfully, and knowingly pulled $GME, $NOK, and $AMC from their platform, depriving their customers of the ability to participate in the free market. Meaning, these retail investors on Robinhood could no longer buy or even search for $GME, $NOK, or $AMC on Robinhood's platform, while institutional investors with separate platforms were not similarly restricted.

16.     Upon information and belief, Robinhood's actions were done purposefully and knowingly to create panic in the market, causing a sudden decline in stock value, for the benefit of people and financial intuitions, breaching their fiduciary duty to their customers.

17.     Directly after Robinhood prohibited the ability to buy or view these stocks from their platform, $GME, $NOK, and $AMC prices fell sharply. With only the ability to sell previously obtained stock in $GME, $NOK, and $AMC, Robinhood's customers were forced to choose between watching their portfolio's value plummet, or take the only action Robinhood still allowed, which was to sell off their positions in $GME, $NOK, and $AMC, ending that individuals losses but further adding to the hysteria of the free-falling stock price.

18.     Additionally, after the initial price plummet from the restriction on millions of investors ability to purchase stock in $GME, $NOK, and $AMC, stock values have gone up, depriving investors of potential gains.

19.     In sum, Robinhood has completely blocked retailer investors from purchasing $GME, $NOK, and $AMC for no legal reason, thereby depriving retailer investors from the benefits of Robinhood's services.

20.     Robinhood, at their complete discretion, continues to restrict individual securities from its platform for no legitimate reason. A broker-dealer does not get to decide what securities to temporarily restrict on an individual level. Pursuant to 17 C.F.R § 240.15c3-1, if a broker-dealer has solvency issues, they must cease conducting their securities business, they cannot simply elect to stop offering individual stocks on their platform.

21.     Upon information and belief, Robinhood is pulling securities like $GME, $NOK, and $AMC from its platform in order to create an artificial cap on buy orders for these stocks, creating the ability for institutional investors to mass sell off their positions in these companies to cause a substantial decrease in stock price, creating a mass exodus from these securities, and ultimately benefiting Robinhood's large institutional investors who are not Robinhood customers.

### *Plaintiff's Experience*

22.     On the morning of January 28, 2021, Plaintiff used his Robinhood app, searched for and tried to place a buy order for $GME, $NOK, and $AMC stock on Robinhood's app, and found it was unavailable to buy. The stock did not appear in a search, and the stock could only be seen through Plaintiff's already held position.

23.     Thus, Plaintiff, like so many others, lost out on all prior gains and future earning opportunities.

## <u>CLASS ACTION ALLEGATIONS</u>

24.     Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all those persons similarly situated, as defined below:

**All Robinhood customers within the United States.**

25.     Additionally, or in the alternative, Plaintiff brings claims on behalf of the following Subclass, as defined below:

**All Robinhood customers within the United States who either (i) were not able to execute buy orders on $GME, $NOK, or $AMC after Robinhood knowingly, willfully, and purposefully removed the ability to buy or view the security from their platform, (ii) were unduly coerced into selling off their positions in $GME, $NOK, or $AMC based on Robinhood's trading restrictions, or (iii) owners of $GME, $NOK, or $AMC who saw decreases in their Robinhood portfolio due to the artificial restriction on buying or viewing of these securities.**

26.     Excluded from the Class are the Robinhood entities and their current employees, counsel for either party, as well as the Court and its personnel presiding over this action.

27.     This action has been brought and may properly be maintained as a class action against Robinhood pursuant to the provisions of Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

28.     **Numerosity:** The precise number of members of the proposed Class is unknown to Plaintiff at this time, but, based on information and belief, Class members are so numerous that joinder of all members in a single action is impracticable. Based on information and belief, grounded in publicly available reports, Class members number in the hundreds of thousands and up to ten million. Subclass members are likely in the  tens of thousands or hundreds of thousands. The exact number of Class Members and Subclass members are identifiable through Robinhood's

records, and additionally may be notified of the pendency of this action through the Robinhood platform, or by other alternative means.

      29.    **Commonality**: Common questions of law or fact exist to the claims of Plaintiff and members of the proposed Class and Subclass. These common questions predominate over any questions solely affecting individual Class Members, including but not limited to the following:

a. Whether Robinhood knowingly restricted the ability to buy certain stocks, including but not limited to $GME, $NOK, and $AMC, on their platform;

b. Whether Robinhood breached their duty of care to their customers when they purposefully removed the ability to buy or view certain stocks on their platform.

c. Whether Robinhood removed certain stocks from their platform to benefit the potential financial positions of themselves and other institutional investors, all to the detriment of their millions of users.

d. Whether Robinhood violated FINRA Rule 5310, among other FINRA rules, state rules, and federal regulations;

e. Whether Robinhood violated consumer protection laws in failing to disclose that its services would not include the ability to trade on $GME, $NOK, $AMC and other securities, for substantial periods of time;

f. Whether Robinhood was in breach of its legal, regulatory, and licensing requirements by failing to provide adequate access to financial services;

g. Whether Robinhood was in breach of its contracts and/or the implied covenant of good faith and fair dealing in connection with its failure to provide financial services without a legitimate reason;

h. Whether Robinhood was negligent or grossly negligent by failing to provide financial services in a timely manner;

i. Whether Robinhood breached its fiduciary duties to customers by failing to provide adequate access to financial services;

j. Whether Robinhood was unjustly enriched by its conduct;

k. Whether Plaintiff and the other Class members were injured by Robinhood's conduct, and if so, the appropriate class-wide measure of damages, restitution, and other appropriate relief, including injunctive relief.

l. Whether Plaintiff and the other Class members are entitled to injunctive and declaratory relief.

m. Whether Robinhood violated 17 C.F.R § 240.15c3-1 when they attempted to maintain financial solvency by restricting their customers buying of individual securities at Robinhood's discretion.

30.    **Typicality:** Plaintiff's claims are typical of the putative Class Members' and Subclass Members' claims because the similarity, uniformity, and common purpose of Defendants' unlawful conduct. Plaintiff was a customer during the class period and was unable to buy $GME, $NOK, and $AMC or place time-sensitive trades on these stocks, and sustained damages as a result of Robinhood's wrongful conduct.

31.    **Adequate Representation:** Plaintiff will fairly and adequately protect and represent the interest of each Class Member, because he has suffered the same wrongs as the Class Members. Further, Plaintiff is fully cognizant of his responsibilities as Class Representative and has retained Weil Snyder & Ravindran, P.A. to prosecute this case. The firm is thoroughly experienced in complex class action litigation, including litigation related to violations of federal security laws and FINRA disputes. Further, the firm has the financial and legal resources the costs of and understand the legal issues associated with this type of litigation.

32.    **Superiority**: Plaintiff and all of the Class Members have suffered, and will continue to suffer, harm and damages due to Defendants' uniformly unlawful and wrongful conduct and

practices. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Additionally, absent a class action, most Class Members would find the cost of litigating their claims prohibitively high and would have no effective remedy at law. Absent certification of a class action, damages will go uncompensated, and Robinhood's misconduct will go unchecked, continuing without remedy.

33.     **Prerequisites of Rule 23(b)(1) are Satisfied.** Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members and would produce incompatible standards of conduct for Defendants. In addition, class action certification under Fed. R. Civ P. 23(b)(1)(B) is satisfied because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members which may, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

34.     **Prerequisites of Rule 23(b)(2) are Satisfied.** The amount of damages available to the individual Plaintiff is insufficient to make litigation addressing Robinhood's conduct economically feasible for most in the absence of the class action procedure. Robinhood's actions are generally applicable to the Class Members as a whole, and Plaintiff seeks, among other things, equitable remedies with respect to all of the Class Members.

35.    **Prerequisites of Rule 23(c)(4).** Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class wide basis.

## COUNT I
## Breach of Contract

36.    Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35 as if fully set herein.

37.    To buy and sell securities on the Robinhood trading platform, a potential customer must enter into a Customer Agreement with Robinhood. The language in Customer Agreements may vary by time-period, but based upon information and belief, the material language in the Customer Agreement is standard across Class Members.

38.    Plaintiff and all class members entered into a Customer Agreement with Robinhood in order to use the platform.

39.    Robinhood breached its Customer Agreement by, among other things, failing to disclose to its userbase or inform their customers that its platform was going to intentionally halt buying a profitable stock from its platform; failing to provide an appropriate explanation to their customers for their intentional acts; knowingly putting their customers at a disadvantage on their trading platform for the improvement of outside financial interests; that Robinhood prohibited Plaintiff from performing in a timely manner (or at all) under the contract; that Robinhood failed to comply with all applicable legal, regulatory, industry and licensing requirements; and that Robinhood failed to uphold their fiduciary duty to act in the best interest of their investment users, without proper legal cause.

40.     Robinhood breached its Customer Agreement with Plaintiff and similarly situated Class members.

41.     Robinhood's multiple breaches of their Customer Agreement resulted in damages and losses to Plaintiff and Class members and continues to expose them to harm because Robinhood fails to offer core investment options on their platform in bad faith. These losses reflect damages to Plaintiff and Class members in an amount to be determined at trial or separate proceedings as necessary.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

42.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35 as if fully set herein.

43.     Plaintiff and members of the Class and Subclass entered into the Customer Agreement with Defendant Robinhood in order to open a Robinhood trading account on their platform. They agreed to Robinhood's Terms and Conditions by using Robinhood's website and trading platform.

44.     Plaintiff and members of the Class and Subclass fulfilled their obligations under these contracts by adhering to the Terms and Conditions.

45.     Robinhood was obligated to provide consistent and reliable trading services required under those contracts at all times, including but not limited to, trades for $GME, $NOK, and $AMC.

46.     Plaintiff and all those similarly situated could and most actually did trade $GME, $NOK, and $AMC.

47.     Robinhood unfairly interfered with the rights of Plaintiff and members of the Class and Subclass to receive the benefits of the Customer Agreement by, among other things, (i) failing to provide services necessary to carry out a trade on certain securities;; (iii) failing to inform individuals prior to or in a timely manner of the drastic changes of certain trading abilities; and (iv) prohibiting plaintiffs from buying $GME, $NOK, and $AMC for Robinhood's own pecuniary interest and not disclosing those interest to Plaintiffs and all Class and Subclass members.

48.     As a result of this unlawful practice, Plaintiff and Class Members have been damaged. these losses reflect damages to Plaintiffs and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

## COUNT III
## Negligence

49.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35 as if fully set herein.

50.     Robinhood had a duty to offer reliable and consistent trading services to Plaintiff and members of the Class.

51.     Robinhood had a duty to exercise reasonable care in providing security trading to its customers in conformity with FINRA regulations and other security industry laws.

52.     Robinhood unlawfully breached its duties by, among other things, (i) removing the ability to buy or view $GME, $NOK, and $AMC, without prior notice from its trading app; (ii) failing to provide critical financial services related to $GME, $NOK, and $AMC; and (iii) failing to notify customers in a timely manner of the restriction of trading, its reasons for restricting the trading, or if/when their customers would again be able to buy the restricted stock.

53.     Robinhood's conduct as memorialized in this Complaint was grossly dishonest, and its acts and omissions were and continue to be many standard deviations away from the ordinary standard of conduct. Their actions breach the basic duty of care to their customer but are also inconsistent with the standard of care expected from similarly situated investment platforms.

54.     Robinhood sold out its customers interests by entirely restricting buying of $GME, $NOK, and $AMC, a standard of care so far below what is required for a business engaging in time sensitive trading services that it amounts to, at minimum, reckless disregard of their duties.

55.     Robinhood's negligent and illegal breaches of its duties owed to Plaintiffs and Class and Subclass members proximately caused losses and damages that would not have occurred but for Robinhood's breach of its duty of care. These losses reflect damages to Plaintiff and members of the Class and Subclass in an amount to be determined at trial or separate proceedings as necessary.

## COUNT IV
## Unjust Enrichment

56.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35 as if fully set herein.

57.     Robinhood receives a substantial portion of their revenue from "payment for order flow", ("PFOF"). PFOF, whose creation is accredited to Bernie Madoff (the organizer of the largest Ponzi Scheme in world history), is a controversial practice where a third party will pay a broker for the right to fulfil client orders.

58.     Robinhood purposefully, willfully, and knowingly removed the ability to buy or view stocks for $GME, $NOK, and $AMC, from its trading platform, which thereby deprived retail investors of the ability to continually invest and divest their holdings in the above-mentioned securities.

59.     To date, Robinhood has maintained the revenue generated from their customers' orders of $GME, $NOK, and $AMC through this practice of PFOF, under their customers' good faith belief that they would be able to continue investing in these securities as normal on Robinhood's platform.

60.     Defendants have received a benefit at the expense of Plaintiff and the Class Members. By employing the unlawful practices alleged in this Complaint, Defendants unlawfully received and maintained revenues based upon customers good faith belief that they would be able to freely trade securities which Robinhood has routinely offered, including but not limited to $GME, $NOK, and $AMC. Defendants intended to and did benefit from the unlawful practices in this Complaint by, among other things, lulling Plaintiff and Class Members into a good faith belief that their trading platform would continue to operate in the status quo, causing them to invest substantial sums into certain securities, including but not limited to $GME, $NOK, and $AMC, creating substantial benefit to Robinhood through PFOF and other revenue streams.

61.     Irrespective of Defendants' actions after such monies were placed into its revenue streams, Defendants benefitted in the form of increased profits resulting from the monies retained, interest it obtained from such monies, and the additional capital it acquired from the monies given to it by Plaintiff and the Class Members.  Such additional capital and interest monies translated into increased revenues for Defendants that ultimately resulted in an increase in Defendants' yearly income.

62.     It is unjust and inequitable to permit Defendant to retain the benefits it obtained through the unlawful practices alleged in this Complaint.  The financial benefits obtained by Defendants should not, in fairness, be retained by them but rather should be paid and returned to Plaintiff and the Class Members.

63.     As a direct and proximate result of Defendants' inequitable conduct, Plaintiff and the Class Members have suffered damages, including monetary loss, and incidental and consequential damages, in an amount to be determined by a jury.

### COUNT V
### Breach of Fiduciary Duty

64.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 35 as if fully set herein.

65.     Robinhood at all times relevant herein, is a licensed provider of financial services, and acts as fiduciary to Plaintiff and Class members, owing them the highest level of good faith and integrity in performing its financial services on their behalf. Robinhood also acted as a fiduciary to each and every customer who entered into the Customer Agreement.

66.     Robinhood breached its fiduciary duties to Plaintiff and Class members by, among other things, failing to disclose that its platform was going to remove the ability to buy positions in $GME, $NOK, or $AMC in a timely manner; actually removing $GME, $NOK, and $AMC; removing $GME, $NOK, and $AMC for its own pecuniary benefits; that Robinhood failed to comply with all applicable legal, regulatory, industry and licensing requirements; and that Robinhood failed to exercise trades and actions requested by customers in a complete and timely manner.

67.     Robinhood's conduct has caused Plaintiff and Class Members' harm, monetary losses, and damages and continues to expose them to losses and other damages because Robinhood continues to breach its duties as a registered provider of financial services. These losses reflect damages to Plaintiff and Class Members in an amount to be determined at trial or separate proceedings as necessary.

### Prayer for Relief.

Plaintiff and Class Members request the following relief:

1.      The Court certify the Classes as alleged and permit the present causes of action to proceed and be prosecuted as a class action with Plaintiff as the designated class representative;

2.      Enter an immediate injunction requiring Robinhood to allow its users complete trading abilities of $GME, $NOK, $AMC, and any other similarly situated security on their trading platform;

3.      Actual damages;

4.      Incidental and consequential damages;

5.      Punitive damages;

6.      Civil penalties;

7.      Pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

8.      Reasonable attorney's fees, court costs, and class notice costs; and

9.      Any other relief this Court deems just and fit.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all such claims as may be so triable as of right.


Dated: February 2, 2021



**WEIL SNYDER & RAVINDRAN, P.A.**
201 South Biscayne Boulevard
Citigroup Center, Suite 720
Miami, FL  33131
Telephone:      305.372.5352
Facsimile:      305.372.5355


By: _s/Ronald P. Weil_____
        Ronald P. Weil, Esq. (169966)

E-Mail: RWeil@weillawfirm.net
Marguerite Snyder, Esq. (79082)
E-Mail: MSnyder@weillawfirm.net
Luke T. Jacobs, Esq. (1024787)
E-Mail: Luke@weillawfirm.net
Sec. Email: Service@weillawfirm.net